**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> KEY WEST EXPRESS, L.L.C., <br><br> Defendant. | CIVIL NO. -cv- <br><br> **COMPLAINT** |

The United States of America, by the authority of the Attorney General of the United States and acting at the request of the National Oceanic and Atmospheric Administration ("NOAA") of the United States Department of Commerce, through the undersigned attorneys, file this complaint and allege as follows:

## NATURE OF ACTION

1. This is a civil action brought against Key West Express, L.L.C. ("Defendant") for recovery of damages pursuant to the National Marine Sanctuaries Act, 16 U.S.C. § 1443, arising from the December 27, 2016 incident in which a large ferry – the *Big Cat Express* – ran aground in the Florida Keys National Marine Sanctuary.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 16 U.S.C. § 1443(c) and also pursuant to 28 U.S.C. §§ 1331, 1345. The Court also has personal jurisdiction over the Defendant. Venue is proper in the U.S. District Court pursuant to 28 U.S.C. § 1391(b) and 16 U.S.C. § 1443(c). For the purposes of this Complaint, Defendant waives all objections and defenses that it may have to jurisdiction of this Court or to venue in this District.

**DEFENDANT**

3.      Defendant Key West Express, L.L.C. is a limited liability corporation doing business in the Southern District of Florida. Defendant owns and operates the vessel *Big Cat Express* (DO# 1150249).

**STATUTORY BACKGROUND**

4.      The purposes of the National Marine Sanctuaries Act, 16 U.S.C. § 1431 *et seq.*, include the comprehensive conservation and management of marine sanctuaries and the maintenance, protection, restoration, and enhancement of marine biological communities. 16 U.S.C. § 1431(b).

5.      Under Section 312(a) of the National Marine Sanctuaries Act, "[a]ny person who destroys, causes the loss of, or injures any sanctuary resource" is liable to the United States for "damages resulting from the destruction, loss or injury" plus interest. 16 U.S.C. § 1443(a)(1).

6.      Section 312(b)(2) of the National Marine Sanctuary Act directs the Secretary to assess damages to sanctuary resources pursuant to the definition of "damages" in the statute. 16 U.S.C. § 1443(b)(2). "Damages" is defined to include

(A) compensation for—

>   (i)(I) the cost of replacing, restoring, or acquiring the equivalent of a sanctuary resource; and
>
>   (II) the value of the lost use of a sanctuary resource pending its restoration or replacement or the acquisition of an equivalent sanctuary resource; or
>
>   (ii) the value of a sanctuary resource if the sanctuary resource cannot be restored or replaced or if the equivalent of such resource cannot be acquired;

(B) the cost of damage assessments under section 1443(b)(2);

(C) the reasonable costs of monitoring appropriate to the injured, restored or replaced resources.

(D) the cost of curation and conservation of archeological, historical, and cultural sanctuary resources; and

(E) the cost of enforcement actions undertaken by the Secretary in response to the destruction or loss of, or injury to, a sanctuary resource.

16 U.S.C. § 1432(6).

7. A "sanctuary resource" is "any living or nonliving resource of a national marine sanctuary that contributes to the conservation, recreational, ecological, historical, educational, cultural, archeological, scientific, or aesthetic value of the sanctuary." 16 U.S.C. § 1432(8).

8. The Attorney General, at the request of the Secretary, is authorized to commence a civil action to recover any damages. 16 U.S.C. § 1443(c).

9. Section 303 of the National Marine Sanctuaries Act, 16 U.S.C. § 1433, authorizes the Secretary of Commerce to designate national marine sanctuaries and to promulgate regulations implementing the designation. 16 U.S.C. § 1433(a). In 1990, Congress designated the Florida Keys as a national marine sanctuary pursuant to the Florida Keys National Marine Sanctuary and Protection Act. Pub. L. 101-605. The Sanctuary consists of an area of approximately 2,900 square nautical miles (9,800 square kilometers) of coastal and ocean waters, and the submerged lands surrounding the Florida Keys in Florida. 15 C.F.R. § 922.161.

## FACTUAL ALLEGATIONS

10. On December 27, 2016 the Jet-Powered Catamaran Ferry *Big Cat Express* (DO#1150249), a vessel owned and operated by Defendant, ran aground at the south entrance to Lakes Passage, Key West, Florida, approximately 3 kilometers (1.9 miles) west of Wisteria Island ("the Incident"). This area is within the Florida Keys National Marine Sanctuary.

11. The Incident occurred in an area that is predominantly home to a *Thalassia testudiunum* (Turtle Grass) seagrass community. This habitat includes other seagrass species, invertebrates, macroalgae, sponges, and various fish species. The Incident caused trenches, blowholes, and associated berms at the location of impact, with seagrass habitat injured or destroyed.

12. After the Incident, NOAA conducted multiple injury assessments and measured the impact to the Incident site. NOAA used these injury assessments to determine the appropriate restoration needed to address the alleged injuries to sanctuary resources due to the Incident. NOAA has incurred costs in responding to the Incident and for assessing the resulting injuries to sanctuary resources.

## CLAIM FOR RELIEF
### Damages for Destruction, Loss, and Injury to Marine Sanctuary Resources

13. Paragraphs 1 through 12 are re-alleged and incorporated herein by reference.

14. On December 27, 2016, Defendant destroyed, caused the loss of, and injured sanctuary resources when its vessel ran aground in the Florida Keys National Marine Sanctuary. The Defendant is liable for the "damages resulting from the destruction, loss, or injury" to the sanctuary resource under 16 U.S.C. § 1443(a)(1).

15. Pursuant to its authority under 16 U.S.C. § 1443(b)(2), the Secretary measured the Defendant's liability for the destroyed or injured sanctuary resources in accordance with 16 U.S.C. § 1432(6). The total damages under 16 U.S.C. § 1432(6), which includes restoration activities, monitoring, oversight, and assessment costs, equals or exceeds $2,246,596.09.

## PRAYER FOR RELIEF

WHEREFORE, the United States respectfully prays that this Court:

1. Enter a judgment against Defendant Key West Express, LLC, for all damages, including interests and assessment costs resulting from the Incident;

2. award the United States its costs and fees incurred in this action; and

3. grant the United States such other relief as this Court may deem appropriate.

Respectfully submitted,

ELLEN M. MAHAN
Deputy Chief

/s/ Steven O'Rourke
STEVEN O'ROURKE
Senior Attorney
Environmental Enforcement Section
U.S. Department of Justice
Steve.orourke@usdoj.gov
202-514-2779


ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:   /s/ Dexter A. Lee
DEXTER A. LEE
Assistant U.S. Attorney
Fla. Bar No. 0936693
99 N.E. 4th Street, Suite 300
Miami, Florida 33132
(305) 961-9320
Fax: (305) 530-7139
E-mail: dexter.lee@usdoj.gov

OF COUNSEL:
Britta Hinrichsen
Attorney Advisor
Natural Resources Section
NOAA Office of General Counsel
55 Great Republic Drive
Gloucester, MA 01930
britta.hinrichsen@noaa.gov
(978) 281-9238