**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION**

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

Key West Express, L.L.C.,

        Settling Defendant.

CIVIL NO. 4:20-cv-10100-JLK

**CONSENT DECREE**

TABLE OF CONTENTS

I. BACKGROUND ....................................................................................................3

II. JURISDICTION AND VENUE................................................................................ 4

III. PARTIES BOUND ...............................................................................................5

IV. DEFINITIONS......................................................................................................5

V. PAYMENTS BY SETTLING DEFENDANT ................................................................7

VI. COVENANT NOT TO SUE BY PLAINTIFF.............................................................. 9

VII. RESERVATION OF RIGHTS BY PLAINTIFF............................................................9

VIII. COVENANT NOT TO SUE BY SETTLING DEFENDANT ........................................10

IX. NOTICE ...............................................................................................................11

X. MODIFICATION...................................................................................................12

XI. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT ...................................12

XII. EFFECTIVE DATE AND RETENTION OF JURISDICTION....................................13

XIII. SIGNATORIES/SERVICE.......................................................................................13

XIV. FINAL JUDGMENT................................................................................................14

# I. <u>BACKGROUND</u>

A. Contemporaneously with the lodging of this Consent Decree, the United States of America ("United States"), on behalf of the National Oceanic and Atmospheric Administration ("NOAA") of the United States Department of Commerce, has filed a Complaint in this matter against Key West Express, L.L.C. ("Settling Defendant") pursuant to Section 312 of the National Marine Sanctuaries Act, 16 U.S.C. § 1443.

B. The United States' Complaint alleges that Settling Defendant is liable for Response Costs and Damages resulting from any destruction, loss or injury to Sanctuary Resources due to the vessel grounding of the Catamaran Ferry *Big Cat Express* (DO#1150249) on or about December 27, 2016 at the south entrance to Lakes Passage, Key West, Florida, approximately 3.05 kilometers west of Wisteria Island (the "Incident"). The site of the grounding incident is within the boundaries of the Florida Keys National Marine Sanctuary.

C. The Secretary of Commerce, acting through NOAA, is the Trustee for Sanctuary Resources for the United States. 16 U.S.C. § 1443(c).

E. After the Incident, NOAA measured the destruction, loss of, or injury to, Sanctuary Resources within the Florida Keys National Marine Sanctuary. NOAA found impacts to a seagrass bank dominated by *Thalassia testudiunum* (Turtle Grass) seagrasses as well as other seagrass species, invertebrates, macroalgae, sponges, and various fish species. In 2018, NOAA and Settling Defendant jointly visited the seagrass bank again to further evaluate the destruction, loss or, or injury to, the seagrass and surrounding habitat, and determine if there was any natural recovery.

F. Based on the observed state of the seagrass bank, NOAA considered the available

3

the Sanctuary Resources due to the Incident. NOAA also used standard cost estimates to determine likely cost of such restoration, and determined that $2,176,549.03 is a reasonable estimate of the costs for complete restoration. Therefore, NOAA believes that Settling Defendant's obligations under this Consent Decree constitute adequate compensation for the injuries to Sanctuary Resources.

G. By entry of this Consent Decree, Settling Defendant does not admit any liability to the Plaintiff arising out of the transactions or occurrences alleged in the Complaint.

H. The Parties to this Consent Decree recognize, and the Court by entering this Consent Decree finds, that this Consent Decree: (i) has been negotiated by the Parties at arms' length and in good faith; (ii) will avoid prolonged and complicated litigation among the Parties; and (iii) is fair, reasonable, and in the public interest consistent with the statutory purposes of the National Marine Sanctuaries Act.

NOW, THEREFORE, with the consent of the Parties to the Decree, it is hereby Ordered, Adjudged, and Decreed:

## II. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 16 U.S.C. § 1443(c) and also pursuant to 28 U.S.C. §§ 1331, 1345. The Court also has personal jurisdiction over the Settling Defendant. Venue is proper in the U.S. District Court pursuant to 28 U.S.C. § 1391(b) and 16 U.S.C. § 1443(c). Solely for the purposes of this Consent Decree and the underlying Complaint, Settling Defendant waives all objections and defenses that it may

not challenge this Court's jurisdiction to enter and enforce this Consent Decree.

## III. PARTIES BOUND

2. This Consent Decree is binding upon the United States and upon the Settling Defendant and its successors and assigns. Any change in ownership or corporate status of a Settling Defendant including, but not limited to, any transfer of assets or real or personal property, shall in no way alter responsibilities of Settling Defendant under this Consent Decree.

## IV. DEFINITIONS

3. Unless otherwise expressly provided herein, terms used in this Consent Decree that are defined in NMSA, 16 U.S.C. § 1432, of in regulations promulgated under NMSA shall have the meanings assigned to them in NMSA or in such regulations. Whenever the terms set forth below are used in this Consent Decree or in the appendices attached hereto and incorporated hereunder, the following definitions shall apply:

    a. "Complaint" means the Complaint filed by the United States in this action.

    b. "Consent Decree" or "Decree" means this Consent Decree and all appendices attached hereto. All appendices are incorporated herein by reference.

    c. "Damages" means that definition as provided in 16 U.S.C. § 1432(6).

    d. "Day" means a calendar day unless expressly stated to be a Working Day.

    e. "Effective Date" means the effective date of this Consent Decree as provided in Section XIV of this Consent Decree.

    f. "FKNMS" means the Florida Keys National Marine Sanctuary, with boundaries defined by regulation at 15 C.F.R. § 922.161.

5

  g. "Incident" means the vessel grounding of the Catamaran Ferry *Big Cat Express* (DO#1150249) on or about December 27, 2016 at the south entrance to Lakes Passage, Key West, Florida, approximately 3.05 kilometers west of Wisteria Island.

  h. "Interest" means interest calculated in the manner specified under Section 2705 of title 33.

  i. "NMSA" means the National Marine Sanctuaries Act, 16 U.S.C. § 1431, *et seq*.

  j. "NOAA" means the National Oceanic and Atmospheric Administration of the United States Department of Commerce.

  k. "Paragraph" means a portion of this Decree identified by an Arabic numeral or an upper-case letter.

  l. "Parties" means the United States and Settling Defendant, and "Party" means any one of the named "Parties."

  m. "Plaintiff" means the United States.

  n. "Sanctuary Resource" shall have the meaning provided in 16 U.S.C. § 1432(8).

  o. "Section" means a portion of this Decree identified by a Roman numeral.

  p. "Settling Defendant" means Key West Express, L.L.C.

  q. "Subparagraph" means a portion of this Consent Decree identified by a lower case letter or an Arabic number in parenthesis.

  r. "Subsection" means a portion of this Consent Decree identified by a Roman numeral and an upper-case letter.

s.      "United States" means the United States of America including all of its departments, agencies, and instrumentalities.

t.      "Working Day" shall mean a day other than a Saturday, Sunday, or Federal holiday. In computing any period of time under this Consent Decree where the last day would fall on a Saturday, Sunday, or federal or state holiday, the period shall run until the close of business of the next Working Day.

## V. PAYMENTS BY SETTLING DEFENDANT

4. Within 30 days after the Effective Date, the Settling Defendant shall pay a total of $2,246,596.09 to the Plaintiff, together with Interest accrued from the date this Consent Decree is Lodged with the Court under Section XIII, as follows:

a.      Payment for Assessment Costs. Settling Defendant shall pay a total of $70,047.06 for assessment costs incurred by NOAA relating to the Incident.

b.      Payment for Damages. Settling Defendant shall pay Damages in the amount of $2,176,549.03 for injury to, destruction of, or loss of Sanctuary Resources.

5. Payment Instructions.  Payment shall be made by FedWire EFT to the U.S. Department of Justice in accordance with current EFT procedures, referencing DOJ Case Number "90-5-1-1-12188", and the Office of National Marine Sanctuaries case name, "ONMS: Big Cat". Payment shall be made in accordance with instructions provided to Settling Defendant by the Financial Litigation Unit of the United States Attorney's Office for the Southern District of Florida following lodging of this Consent Decree. Any payments received by the Department of Justice after 4:00 p.m. (Eastern Time) will be credited on the next business day.

6. Notice of Payment. Upon making any payment under this Section, Settling Defendant shall send written notice that payment has been made to the United States and NOAA in accordance with Section IX ("Notices").

7. Non-compliance with Payment Obligations.

    a. Interest. In the event any payment required in Paragraph 4 is not made when due, Settling Defendant shall pay Interest on the unpaid balance commencing on the payment due date and accruing through the date of full payment. Payment of Interest under this Paragraph shall be in addition to such other remedies or sanctions available to the United States by virtue of Settling Defendant's failure to make timely payments under this Section, including, but not limited to, payment of stipulated penalties.

    b. Stipulated Penalties. In addition to the Interest required to be paid under the preceding Subparagraph, if any payment required by Paragraph 4 is not made when due, Settling Defendant shall also pay stipulated penalties of $5,000 per day from the date payment is due through the date of full payment.

    c. Payment of Interest and Stipulated Penalties. Any Interest payments under Subparagraph 7.a shall be paid in the same manner as the overdue principle amount, and shall be directed to the same fund or account as the overdue principle amount. Any Stipulated Penalty payments under Subparagraph 7.b shall be paid to the United States in accordance with payment instructions provided by the Financial Litigation Unit of the United States Attorney's Office for the Southern District of Florida and shall be deposited in the United States Treasury.

8. Nothing in this Consent Decree shall be construed as prohibiting, altering, or in any way limiting the ability of the United States to seek any other remedies or sanction available by virtue of a violation of this Consent Decree by Settling Defendant. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive any portion of stipulated penalties owed pursuant to this Consent Decree.

## VI. COVENANT NOT TO SUE BY PLAINTIFF

9. Except as specifically provided by Paragraph 10 (General Reservations) and Paragraph 11 (Special Reservations Regarding Damages), the United States covenants not to sue Settling Defendant for Damages resulting from the Incident, pursuant to the NMSA. This covenant not to sue shall take effect upon the complete payment of all funds as required by Section V of this Consent Decree. This Covenant Not to Sue is conditioned upon the satisfactory performance by Settling Defendant of all their obligations under this Consent Decree. This Covenant Not to Sue extends only to Settling Defendant and does not extend to any other person.

## VII. RESERVATION OF RIGHTS BY PLAINTIFF

10. <u>General Reservations</u>. The United States reserves, and this Consent Decree is without prejudice to, all rights against the Settling Defendant with respect to all matters not expressly included within Section VI (Covenant Not to Sue by Plaintiff). Notwithstanding any other provisions of this Consent Decree, the United States reserves all rights against Settling Defendant with respect to:

    a. liability for failure by Settling Defendant to meet a requirement of this Consent Decree;

    b. liability for any other costs incurred or to be incurred by the Plaintiff that

9

are not within the definition of Damages;

    c.    liability for damages for any injury to, destruction of, loss of, or loss of use of Sanctuary Resources resulting from any event or releases or threatened releases of hazardous substances or oil unrelated to the Incident; and

    d.    criminal liability.

11. <u>Special Reservations Regarding Damages</u>. Notwithstanding any other provision of this Consent Decree, the United States reserves the right to institute proceedings against the Settling Defendant in this action or in a new action for recovery of Damages, including reasonable response and/or assessment costs, based on: (i) conditions, factors, or information with respect to the Incident previously unknown to the Plaintiff that contribute to the injury, destruction, or loss of Sanctuary Resources; or (ii) information received after the date of lodging which indicate that the Incident has resulted in injury, destruction, or loss of Sanctuary Resources of a type unknown, or of a magnitude or duration greater than was known, by the Plaintiff.

## VIII. COVENANT NOT TO SUE BY SETTLING DEFENDANT

12. Settling Defendant hereby covenants not to sue and agrees not to assert any claims or causes of action against the United States, or its contractors or employees, with respect to the Damages resulting from the Incident, and this Consent Decree, pursuant to any federal, state, or common law, including but not limited to any claims against Plaintiff for costs, attorneys' fess, other fees, or expenses incurred in connection with this Incident. In the event the United States institutes proceedings in this action or in a new action for recovery of Damages under Paragraph 11, the covenant in this Paragraph shall not apply to the extent that Settling

Defendant's claims, counterclaims, or causes of actions arise from the additional damages that the United States seeks pursuant to the reservation, and Settling Defendant reserves all defenses except those that are inconsistent with Paragraph 11.

## IX. NOTICE

13. Whenever, under the terms of this Consent Decree, notice is required to be given or a document is required to be sent by one Party to another, it shall be made electronically or by mailing, unless otherwise requested. It shall be directed to the individuals at the addresses set forth below, unless those individuals or their successors give notice of a change to the other Parties in writing. All notices and submissions shall be considered effective upon receipt unless otherwise provided. Written notice as specified herein shall constitute complete satisfaction of any written notice requirement of the Consent Decree with respect to the Plaintiff and Settling Defendant, respectively.

<u>As to the United States:</u>
Chief, Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Re: DJ # 90-5-1-1-12188

<u>As to NOAA:</u>
NOAA Office of Response and Restoration
ATTN: Christopher Botnick, DARRF Manager
1315 East-West Highway, Suite 10126
Silver Spring, MD 20910-3281

Britta Hinrichsen
NOAA Office of General Counsel
55 Great Republic Drive
Gloucester, MA 01930

11

        As to Settling Defendant:
Robert Birthisel, Esq.
Jennifer E. Seipel, Esq.
Hamilton, Miller & Birthisel, LLP
100 South Ashley Drive, Suite 1210
Tampa, Florida 33602

## X. MODIFICATION

14.     Any material modification of this Consent Decree shall be made in writing, signed by the Parties, and shall be effective upon approval by the Court. Any non-material modification of this Consent Decree shall be in writing, signed by the Parties, and shall be effective when filed with the Court.

15.     The provisions of this Consent Decree are not severable. The Parties' consent hereto is conditioned upon the entry of the Consent Decree in its entirety without modification, addition, or deletion except as agreed to by the Parties.

## XI. LODGING AND OPPORTUNITY FOR PUBLIC COMMENT

16.     This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment. The United States reserves the right to withdraw or withhold their consent if comments regarding the Consent Decree disclose facts or considerations which indicate that this Consent Decree is inappropriate, improper, or inadequate.

17.     The Settling Defendant waives all objection to, and consent to, the entry of this Consent Decree without further notice, and agree not to withdraw or oppose entry of the Consent Decree or to challenge any provision of the Consent Decree.

18.     If for any reason the Court declines to approve this Decree in the form presented, or if approval and entry is subsequently vacated on appeal of such approval and entry, this

Decree may be voided at the sole discretion of any Party, and the terms of the agreement may not be used as evidence in any litigation between the Parties.

## XII.  EFFECTIVE DATE AND RETENTION OF JURISDICTION

19.     This Consent Decree will be effective upon the approval and entry of the Decree by the Court.

20.     This Court shall retain jurisdiction over both the subject matter of this Consent Decree and the Parties for the duration of the performance of this Consent Decree for the purpose of modifying or enforcing the terms and conditions of this Consent Decree, and to resolve disputes arising hereunder as may be necessary or appropriate for the construction or execution of this Consent Decree.

## XIII. SIGNATORIES/SERVICE

21.     Each undersigned representative of the Settling Defendant and the United States certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind such Party to this document.  This Consent Decree may be executed in multiple counterparts, each of which shall be deemed an original, but all of which, taken together, shall constitute one and the same instrument.

22.     The Settling Defendant shall identify, on the attached signature page, the name, address, and telephone number of an agent who is authorized to accept service by mail on behalf of that Party with respect to the service of the Complaint, Consent Decree, and any related filings with the Court.  Settling Defendant hereby agrees to accept service in that manner and to waive the formal service requirements set forth in Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court, including but not limited to service of a summons. The

Parties agree that Settling Defendant does not need to file an answer to the Complaint in this action unless or until: (i) the United States has notified the Settling Defendant in writing that it no longer supports entry of this Consent Decree; or (ii) the Court expressly declines to enter this Consent Decree.

## XIV. **FINAL JUDGMENT**

23.     This Consent Decree and its appendices constitute the final, complete, and exclusive understanding among the Parties with respect to the settlement embodied in the Consent Decree. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree.

24.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment between the United States and the Settling Defendant under Fed. R. Civ. P. 54 and 58.

**SO ORDERED** THIS 8th DAY OF October 2020.

UNITED STATES DISTRICT JUDGE

Case 4:20-cv-10100-JLK Document 5 Entered on FLSD Docket 10/20/2020 Page 15 of 17

THE UNDERSIGNED PARTY enters into this Consent Decree in the United States v. Key West Express, L.L.C.

**FOR THE UNITED STATES OF AMERICA:**

Ellen M. Mahan,
Deputy Section
Chief
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice

/s/ Steven
O'Rourke Steven
O'Rourke Senior
Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611 Washington, D.C. 20044-7611 Telephone: (202) 514-2779
E-mail: steve.o'rourke@usdoj.gov

/s/ John Luce
John Luce
General
Counsel
National Oceanic and Atmospheric Administration
U.S. Department of Commerce
Herbert C. Hoover Office
Building
1401 Constitution Avenue, NW, Room 78026
Washington, D.C. 202300
Telephone: (202) 482-4080
E-mail: john.luce@noaa.gov

Of Counsel:
Britta
Hinrichsen
Attorney
Advisor
Natural Resources Section
NOAA Office of General
Counsel

15

Case 4:20-cv-10100-JLK Document 5 Entered on FLSD Docket 10/20/2020 Page 16 of 17

THE UNDERSIGNED PARTY enters into this Consent Decree in the United States v. Key West Express, L.L.C.

**FOR THE UNITED STATES OF AMERICA:**

        ARIANA FAJARDO ORSHAN
        UNITED STATES
        ATTORNEY

By: /s/ Dexter A. Lee
    DEXTER A. LEE
    Assistant U.S.
    Attorney Fla. Bar No.
    0936693
    99 N.E. 4th Street, Suite 300
    Miami, Florida 33132
    (305) 961-9320
    Fax: (305) 530-7139
    E-mail: dexter.lee@usdoj.gov

16

THE UNDERSIGNED PARTY enters into this Consent Decree in the matter of <u>United States v</u>. <u>Key West Express, L.L.C</u>.

**FOR KEY WEST EXPRESS, L.L.C.**

7/15/2020
Date

_George Hilton_
George Hilton
Managing Partner
Key West Express
LLC 54 Merrimac St.
Newburyport, Ma 01950

Agent Authorized to Accept Service on Behalf of the Above-Signed

Party: Robert Birthisel, Esq.
Jennifer E. Seipel, Esq.
Hamilton, Miller & Birthisel,
LLP 100 South Ashley Drive,
Suite 1210
Tampa, Florida 33602

17